UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE

BETHANY A. ASHER                                              CASE NO. 19-20770
TRACEY L. ASHER

DEBTORS                                                              CHAPTER 13

BETHANY A. ASHER                                                    PLAINTIFFS
TRACEY L. ASHER

V.                                                              ADV. NO. 19-2018

MORGAN STANLEY MORTGAGE                                          DEFENDANT
CAPITAL HOLDINGS, LLC

MEMORANDUM OPINION AND ORDER GRANTING MORGAN STANLEY'S
MOTION FOR SUMMARY JUDGMENT AND DENYING
DEBTORS' MOTION FOR SUMMARY JUDGEMENT

Debtors Bethany A. Asher and Tracey L. Asher, with derivative standing to pursue

claims on behalf of the chapter 13 Trustee (the "Trustee"), filed an adversary complaint to

exercise Trustee's § 544[1] avoidance powers in connection with a claim filed by Morgan Stanley

Mortgage Capital Holdings, LLC ("Morgan Stanley").  Specifically, the complaint alleges that

Morgan Stanley's claim of $164,834.74, secured by a mortgage with a stated principal amount of

$40,000, can be partially avoided because the mortgage does not specify the maximum amount

of additional indebtedness as required by K.R.S. § 382.520(2).  Morgan Stanley disputes that any

portion of its claim may be avoided.  The parties filed cross-motions for summary judgment.

Because the material facts are undisputed, the Court can resolve the cross-motions as a matter of

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

law.  For the reasons set forth below, the Court will deny Debtors' motion and grant Morgan

Stanley's motion.

## UNDISPUTED FACTS

On June 11, 1999, Debtors executed and delivered to Centex Home Equity Corporation a

note in the original principal amount of $40,000.00 ("Note") and a mortgage securing the same

upon Debtors' real property commonly known as 9 Chesapeake Avenue, Dayton, Kentucky 41074

(the "Mortgage").  The Mortgage states:

> This Security Instrument secures to Lender: (a) the repayment of the debt
> evidenced by the Note, with interest, and all renewals, extensions and
> modifications of the Note; (b) the payment of all other sums, with interest,
> advanced under paragraph 7 to protect the security of this Security Instrument;
> and (c) the performance of Borrower's covenants and agreements under this
> Security Instrument and the Note.

[AP ECF No. 1-1 at 8-9.][2]  The Mortgage also states in paragraph 7:

> If Borrower fails to perform the covenants and agreements contained in this
> Security Instrument, or there is a legal proceeding that may significantly affect
> Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for
> condemnation or forfeiture or to enforce laws or regulations), then Lender may do
> and pay for whatever is necessary to protect the value of the Property and
> Lender's rights in the Property. Lender's actions may include paying any sums
> secured by a lien which has priority over this Security Instrument, appearing in
> court, paying reasonable attorneys' fees and entering on the Property to make
> repairs. Although Lender may take action under this paragraph 7, Lender does not
> have to do so.
>
> Any amounts disbursed by Lender under this paragraph 7 shall become additional
> debt of Borrower secured by this Security Instrument. Unless Borrower and
> Lender agree to other terms of payment, these amounts shall bear interest from the
> date of disbursement at the Note rate and shall be payable, with interest upon
> notice from Lender to Borrower requesting payment.

[*Id*. at 11.]  The Mortgage does not otherwise provide for it to secure any "additional indebtedness"

nor does it specify any maximum amount of additional indebtedness.

---

[2] References to the docket in the Debtors' main bankruptcy case appear as [Bk. ECF No. ___].  References to the docket in this Adversary Proceeding appear as [AP ECF No. ___].

The loan was subject to several foreclosure and three bankruptcy cases.  The loan was modified in 2007, 2008, 2011, and 2012 (the "Modification Agreements").  [AP ECF Nos. 11-7, 11-9, 11-11, and 11-12.]  The Modification Agreements, *inter alia,* deferred payments, modified interest rates, and/or re-amortized the amounts due as principal to include interest, attorney's fees, property taxes, forced-placed insurance, and escrow advances.  Each provided that any unmodified terms of the Note and Mortgage remained in effect.  These Modification Agreements were not recorded.

Debtors filed their chapter 13 petition on June 17, 2019.  Through a series of transactions, Morgan Stanley's predecessor-in-interest came to be the holder of the Note.  It filed a proof of claim in the amount of $164,834.74 [Bk. POC 7-1 (the "Claim")] and thereafter transferred the Claim to Morgan Stanley.  [Bk. ECF No. 72.]  Debtors objected to the Claim.  Debtors and Trustee entered into an Agreed Order conferring derivative standing on the Debtors to pursue an avoidance action against Morgan Stanley.  Debtors filed this adversary proceeding seeking to avoid Morgan Stanley's asserted secured claim in excess of the original principal amount of the Note ($40,000).

## JURISDICTION

This Court has jurisdiction over this adversary proceeding.  28 U.S.C. § 1334(b).  Venue is proper in this District. 28 U.S.C. §§ 1408, 1409.  This is a core proceeding, and the Court is authorized to enter a final order adjudicating this matter.  28 U.S.C. § 157(b)(2)(A) and (K).  The parties have consented to the Court's entry of final orders.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the evidence, construed in the light most favorable to the non-movant, confirms that there is no genuine issue of material fact and the

movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c), applicable herein

pursuant to FED. R. BANKR. P. 7056; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

574, 587 (1986). A genuine issue of material fact exists when there are "disputes over facts that

might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). On a motion for summary judgment, "the judge's function is not

[herself] to weigh the evidence and determine the truth of the matter but to determine whether

there is a genuine issue for trial." *Id.* at 249.

The parties have filed cross-motions for summary judgment. The summary judgment

standard does not change when each side seeks summary judgment in their favor. *Taft Broad.

Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991). "The court must evaluate each party's

motion on its own merits, taking care in each instance to draw all reasonable inferences against

the party whose motion is under consideration." *Id.*

## ANALYSIS

The parties dispute what amount is secured by the Mortgage. Debtors argue that number

is $40,000, and Morgan Stanley argues that number is $164,834.74. Debtors believe that any

amount above the original principal amount ($40,000) is "additional indebtedness," and that,

under K.R.S. § 382.520(2), the Mortgage's failure to identify the maximum amount of additional

indebtedness limits the secured amount of the Mortgage to $40,000. Morgan Stanley argues that

interest and other fees associated with Mortgage are not considered "additional indebtedness" as

defined in the statute and the Mortgage is valid for the full amount of the debt of $164,834.74.

K.R.S. § 382.520 states, in pertinent part:

(1) In all cases where a loan is secured by a real estate mortgage, the mortgage
originally executed and delivered by the borrower to the lender shall secure
payment of all renewals, extensions, or interest rate modifications of the loan and
the note evidencing it, whether so provided in the mortgage or not.

4

(2) The mortgage referred to in subsection (1) of this section may secure any additional indebtedness, whether direct, indirect, existing, future, contingent, or otherwise, to the extent expressly authorized by the mortgage, if the mortgage by its terms stipulates the maximum additional indebtedness which may be secured thereby. Except as provided in subsection (3) of this section, the mortgage lien authorized by this subsection shall be superior to any liens or encumbrances of any kind created after recordation of such mortgage, even to the extent of sums advanced by a lender with actual or constructive notice of a subsequently created lien, provided, however, any mortgagee upon receipt of a written request of a mortgagor must release of record the lien to secure additional indebtedness as exceeds the balance of such additional indebtedness at the time of the request.

KY. REV. STAT. § 382.520. "This language reveals overwhelming legislative intent to protect the interest of mortgage lenders." *Wells Fargo Fin. Kentucky, Inc. v. Thomer*, 315 S.W.3d 335, 340 (Ky. Ct. App. 2010).

The term "additional indebtedness," as used in the statute, is not intended to require a mortgage to identify the maximum amount of the indebtedness resulting from the *original* loan, including interest and other fees. Rather, "additional indebtedness" refers to new, future, or additional amounts loaned between the parties. *See Bank of Maysville v. Brock*, 375 S.W.2d 814, 816 (Ky. 1964) ("It is sufficient if the mortgage clearly shows it is to stand as security for both an *original* loan and for *such additional indebtedness as may arise from future dealings* between the parties.") (emphasis added); *see also First Commonwealth Bank v. West*, 55 S.W.3d 829, 830 (Ky. Ct. App. 2000) (referring to "additional indebtedness" in the context of future loans made to the mortgagor by the mortgagee). Almost all the cases discussing "additional indebtedness" under subsection 2 involve subsequent or cross-collateralized loans. *See Citizens Commerce Nat'l Bank v. Republic Bank & Tr. Co. (In re Ware)*, Case No. 11-50378, Adv. No. 11-5049, 2011 Bankr. LEXIS 4712 (Bankr. E.D. Ky. Nov. 29, 2011) (cross-collateralized loans); *Wells Fargo Fin. Ky., Inc.*, 315 S.W.3d 335 (Ky. Ct. App. 2010) (subsequent note and mortgage); *Cook v. Springfield State Bank*, No. 2004-CA-001225-MR, 2005 Ky. App. Unpub. LEXIS 913

(Ky. Ct. App. May 20, 2005) (subsequent notes); *Peoples Bank v. Stout's Feed Store, Inc.*, No. 2002-CA-001147-MR, 2003 Ky. App. Unpub. LEXIS 680 (Ky Ct. App. May 23, 2003) (subsequent notes); *First Commonwealth Bank of Prestonsburg v. West*, 55 S.W.3d 829 (Ky. Ct. App. 2000) (subsequent notes); *In re Blieden*, 49 B.R. 386, 391 (Bankr. W.D. Ky. 1985) (classifying "two later-in-time notes" as "additional indebtedness.").

This interpretation of K.R.S. § 382.520 comports with this Court's prior decision in *In re Stabil*, Case No. 92-20122, 1992 Bankr. LEXIS 2559 (Bankr. E.D. Ky. Dec. 9, 1992). In *Stabil,* this Court allowed a creditor to collect $288,530.00 of principal and interest when the mortgage securing the debt only listed a principal amount of $240,000.00. *Id.* at *4. However, the Court held that the mortgage did not secure cross-collateralized loan amounts, explaining that the "lien on the property has been satisfied in that it has been paid the amount of its mortgage debt against the property, the 'maximum additional indebtedness' being limited to the principal amount of the mortgage note plus accrued interest since no higher amount is stated in the instrument." *Id.*

In this case, Morgan Stanley does not argue that the Mortgage secures other cross-collateralized or subsequent loans. Further, no party has argued that the Modifications Agreements were a novation. The Claim stems only from the original loan amount of $40,000, plus the interest, fees, and other costs provided for in the Note and Mortgage. The debt balance under the Note, and secured by the Mortgage, ballooned due to Debtors' lack of payments–not because the mortgagor advanced additional funds to Debtors.

## CONCLUSION

For the foregoing reasons, it is ORDERED that Morgan Stanley's Motion for Summary Judgment [AP ECF No. 11] will be GRANTED and Debtors' Motion for Summary Judgment

[AP ECF No. 10] will be DENIED.  A separate judgment will be entered concurrently with this

Opinion.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Friday, May 22, 2020**
**(tnw)**